**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

CHRISTOPHER L. CAMPBELL,     )
    )
    Petitioner,     )
    )
    vs.     )     Cause No. 2:14-cv-00154-JMS-WGH
    )
L.  LARIVA Warden,     )
    )
    Respondent.     )

**Entry Discussing Petition for a Writ of Habeas Corpus**

Christopher L. Campbell, a federal prisoner, brings this petition for a writ of habeas corpus arguing that his sentence has been incorrectly calculated. For the reasons explained below, Campbell's petition is **denied**.

**I. Background**

Campbell is serving a term of imprisonment of sixty months imposed by the United States District Court for the Southern District of Ohio. Campbell currently has a projected release date of September 29, 2015, via Good Conduct Time release.

The Bureau of Prisons ("BOP") has an administrative remedy system through which an inmate may seek review of nearly every aspect of his imprisonment. *See* 28 C.F.R. § 542.10 *et seq.,* and BOP Program Statement 1330.18, *Administrative Remedy Procedures for Inmates*. To utilize the BOP's administrative remedy system, the inmate must first seek an informal ("BP-8") resolution of his grievance. If not satisfied with the response to the informal remedy request, the inmate may then seek formal review via the BOP's three-tiered administrative remedy system.

The first step in the formal remedy review system requires the inmate to seek review at the institution level ("BP-9"). If the inmate is not satisfied with the response to his BP-9, he may file an appeal to the Regional Director ("BP-10"). If not satisfied with the Regional Director's response, the inmate may appeal to the General Counsel ("BP-11"). The BP-11 level is the final

level in the BOP's administrative remedy system, and if an inmate is not satisfied with the General Counsel's response, he may then file a civil action in district court.

Review of BOP records reveals that Campbell has not sought administrative review of his sentence calculation at any administrative level.

## II. Discussion

The respondent argues that because Campbell has failed to exhaust his available administrative remedies with respect to his challenge to the calculation of his sentence, this habeas action is premature and must be dismissed. Campbell has presented no response to this argument.

The Seventh Circuit has recognized a common law exhaustion requirement applicable to a prisoner bringing a § 2241 habeas petition challenging the execution of his sentence. *Richmond v. Scibana,* 387 F.3d 602, 604 (7th Cir. 2004); *see also Greene v. Meese*, 875 F.2d 639, 640 (7th Cir. 1989) ("[T]he requirement of exhaustion is judge made for federal [habeas corpus cases] . . . but is a requirement nonetheless."); *King v. Cross*, 2014 WL 185015, at *3 (S.D. Ill. Jan. 16, 2014). Here, Campbell did not exhaust his available administrative remedies. Accordingly, his habeas petition must be denied and this action must be dismissed.

## III. Conclusion

For the foregoing reasons, the Campbell's petition for a writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.[1]

**IT IS SO ORDERED.**

_Jane E. Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Date: ___02/13/2015___

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

---

[1] The **clerk shall** update the docket to reflect the petitioner's address as identified in the distribution of this Entry.

Distribution:

CHRISTOPHER L. CAMPBELL
43653-061
RRM Cincinnati
Residential Reentry Office
36 E. 77th St. Suite 2107-A
Cincinnati, OH 45202

Electronically Registered Counsel